IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ED LOUIS MEREDITH III, | ) | |
| ID # 1343225, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:09-CV-0483-L-BH |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Johnson County conviction for aggravated assault with a deadly weapon (Cause No. F-39250).  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

### A.  Factual and Procedural History

On June 28, 2005, petitioner was indicted on two counts of aggravated assault with a deadly weapon, enhanced with two prior convictions in Indiana (Cause Nos. 21CO1-95-CF-97 (September 1, 2000 theft) and 20CO1-9403-CF-017 (June 9, 1994 battery)).  Clerk's Record (CR) at 8.  The alleged assaults occurred on or about March 30, 2005, after petitioner's girlfriend took her daughter to petitioner's mother's house.  They were joined there by two fifteen year old boys, Brett and Chad, one of which dated the daughter.  Rep.'s R., Vol. 8 at 24, 28-30 [hereinafter cited as RR-volume # at page].

When petitioner arrived later, he advanced toward the boys, and they ran away. *Id.* at 75, 111. Chad testified that before he and Brett fled, petitioner stated: "well, they can either fight me or die." *Id.* at 75, 85. Brett saw petitioner draw a knife, while Chad merely saw the knife after it had been drawn. *Id.* at 76, 111. Chad described the knife as "four to five inches" in length. *Id.* at 79. Brett described it as having a straight, silver blade about "that big" and indicated the size. *Id.* at 112. Petitioner chased the boys over fences, through mud, and across fields. *Id.* at 112-26. During the run, Brett lost his new shoes in the mud. *Id.* at 77, 121-22. According to the boys, petitioner held up one of those shoes and stated: "keep running, daddy is coming" or "keep running because daddy is coming". *Id.* at 77, 123. Chad testified that petitioner had a knife in hand when he made that statement. *Id.* at 77. The boys both feared getting hurt or killed by petitioner. *Id.* at 84, 114, 125, 149, 152, 171. When Brett went to get his shoes the next day, he found one shoe in the mud puddle where he lost it, and one by the road with a "big slice mark" through it. *Id.* at 131-33.

While running away, the boys took shelter with neighbors. *Id.* at 119, 126. Both neighbors saw petitioner holding a knife. *Id.* at 153, 167. One described it as "a long bladed knife" and indicated that it was "[a]bout that long." *Id.* at 153. The other testified that "the blade might have been three to four inches long." *Id.* at 167. Petitioner knocked on the door and "circled the house several times before leaving." *Id.* at 126-27.

Two law enforcement personnel also testified at trial. Officer Peterson testified as to the circumstances of petitioner's arrest on June 8, 2005. *See* RR-9 at 10-34. Detective Gaudet of the Johnson County Sheriff's Office testified that "if a knife were used or exhibited with a blade out having a length of 3 to 5 inches", such knife "could be used as a deadly weapon and could cause serious bodily injury and/or death." RR-9 at 36-37.

2

The defense sought to call three individuals who would testify as to specific, prior bad acts of the two victims. *See* RR-9 at 41-56. The court found the testimony of each witness inadmissible. *See id.* at 44, 48, 56. Petitioner's mother then testified that the boys had a reputation for being dishonest, she did not see anything in her son's hands, and that her son did not have a knife on him on the day in question. *See id.* at 79, 81-82, 88.

On November 9, 2005, a jury found petitioner guilty of both aggravated assault charges. *See* RR-9 at 158. At punishment, the trial court admitted over defense objections evidence of prior convictions (Exhibits 11-15) and testimony from a fingerprint expert. *See* RR-10 at 63-69, 71-72. Petitioner presented three character witnesses. *See id.* at 80-97. His wife testified that she had seen changes in petitioner during his pre-trial incarceration, he could still be a contributor to society, and a maximum prison sentence would be inappropriate. *Id.* at 91-92. On cross-examination, she verified that petitioner had a 1994 conviction for battery in Elkhart, Indiana, and a later theft conviction in Fayette County, Indiana. *Id.* at 93-96. The jury found both enhancement paragraphs true and assessed punishment at thirty years imprisonment on each charge. *Id.* at 141-42.

On April 11, 2007, the court of appeals affirmed the conviction. *Meredith v. State*, No. 10-05-00434-CR, 2007 WL 1112927, at *1 (Tex. App. – Waco, Apr. 11, 2007, pet ref'd). The Court of Criminal Appeals refused a petition for discretionary review (PDR) on December 12, 2007. On October 17, 2008, petitioner filed a state habeas application. *See* State Hab. R. (S.H.R.) at 72. The Court of Criminal Appeals denied that application without written order. *Ex parte Meredith*, No. WR-71,060-01, slip op. at 1 (Tex. Crim. App. Jan. 21, 2009).

**B.  Substantive Claims**

In March 2009, petitioner filed his petition for federal habeas relief. (*See* Pet. Writ of Habeas

3

Corpus (Pet.) at 1.)  In seven grounds for relief, he asserts four claims:  (1) he received ineffective assistance of trial counsel (Grounds 1 and 7); (2) insufficient evidence supports his convictions (Grounds 3 and 4);[1] (3) trial court error (Grounds 2 and 6); and (4) prosecutorial misconduct (Ground 5).  (*Id.* at 7-8B.)[2]  Respondent contends that petitioner procedurally defaulted Claim 2 by not presenting it to the Texas Court of Criminal Appeals through the direct appeal process, and that petitioner's other claims have no merit.  (*See* Resp.'s Answer (Answer) at 6-28.)  Petitioner responded to the answer.  (Petr.'s Resp. Opp'n Answer (hereinafter Reply) at 1-18.)

## II.  PROCEDURAL BAR

Respondent asserts that petitioner's second claim of insufficiency of the evidence is procedurally barred because he failed to raise it during the state appellate process and is now precluded from raising it in state court.  (Answer at 11-14.)

In general, federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner shows "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989).  When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review.  *See id.*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).  Furthermore, when a claim has not been reviewed by the state's highest court, this Court may find the claim procedurally barred.  *See Coleman v. Thompson*, 501

---

[1]  In his fourth ground for relief, petitioner claims that no evidence supports his conviction.  This is the same as a challenge to the legal sufficiency of the evidence.  *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 Fed. App'x 722, 722 (5th Cir. 2004) (per curiam) (applying insufficiency-of-the-evidence analysis to claim of "no evidence").

[2]  Petitioner attaches two hand-written pages to his claims, referred to as 8A and 8B herein.

4

U.S. 722, 735 n.1 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state, and the state court to which he would be required to present his claims would now find the claims procedurally barred. *Id.*

A review of the claims petitioner raised in state court reveals that he did not fairly raise the sufficiency claim to the Texas Court of Criminal Appeals in a procedurally proper manner. Although he appealed his conviction, he did not challenge the legal sufficiency of the evidence through that appeal, *see Meredith v. State*, No. 10-05-00434-CR, 2007 WL 1112927, at *1 (Tex. App. – Waco, Apr. 11, 2007, pet ref'd) (setting out two claims raised by petitioner on appeal), or in his PDR *see Meredith v. State*, No. PD-0654-07 (copy of PDR in state court records).[3] The failure to properly present this claim to the highest court in Texas constitutes a procedural default that could bar this Court from considering it on federal habeas review. *See In re Bagwell*, 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

Petitioner did not cure the procedural default by presenting his legal sufficiency claim to the Texas Court of Criminal Appeals in his state application for writ of habeas corpus. Under Texas law, it has long been held that challenges to the sufficiency of the evidence of a conviction must be raised on direct appeal. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims not cognizable in post-conviction, collateral attack); *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996) (recognizing the long-standing legal principle under Texas law). Although an applicant may allege a "no evidence" claim on collateral attack under Texas law, he may not raise a claim of insufficient evidence. *Ex parte Williams*, 703 S.W.2d

---

[3] The failure to raise the claim on direct appeal would have made it improperly raised in the PDR.

674, 678 (Tex. Crim. App. 1986).  Furthermore, unless the record is "totally devoid of evidentiary

support," the Court of Criminal Appeals construes "no evidence" claims as insufficiency-of-the-

evidence claims.  *Id.* at 679-80.

In this case, petitioner contends that the record is devoid of any evidence that the knife con-

stituted a deadly weapon.  (Reply at 6-7.)  Citing *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim.

App. 1983), he argues that the State must show the knife's "size, shape and sharpness, the manner

of its use, or intended use and its capacity to produce death or serious bodily injury."  (*Id.* at 6.)

Petitioner fails to recognize that *Blain* also states that such showing is unnecessary if the State uses

an expert witness to prove that a particular knife is a deadly weapon.  647 S.W.2d at 294.  Here, the

State used Detective Gaudet to prove that the knife wielded by petitioner was a deadly weapon.

Even if Detective Gaudet does not qualify as an expert within the meaning of *Blain*, his

testimony provides some evidentiary support for finding the knife to be a deadly weapon.  Other

testimony also provides evidentiary support for such finding, including that from both boys that they

feared for their lives because of the knife.  Witnesses described the knife as three to five inches long.

Two witnesses demonstrated its length at trial without stating its length on the record – although one

of these witnesses described the knife as long-bladed.  During their escape from petitioner, one of

the boys lost his shoes, petitioner picked one up, and when the boy found his shoes the next day, one

had a "big slice mark" through it.

Given the evidence presented at trial, the record is clearly not totally devoid of evidentiary

support for finding that the knife wielded by petitioner qualified as a deadly weapon.  Consequently,

had the Court of Criminal Appeals specifically considered petitioner's no-evidence claim on habeas

review, it would have construed the claim as an insufficiency-of-the-evidence claim.  Furthermore,

when the Court of Criminal Appeals denies a state application for writ of habeas corpus without written order, it implicitly denies sufficiency claims on the procedural basis that such claims are not cognizable on state habeas review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Courts have applied *Grigsby* to no-evidence claims. *See Pin v. Dretke*, No. 3:03-CV-2282-M, 2005 WL 2453034, at *3 (N.D. Tex. Oct. 4, 2005), *recommendation accepted by* unpub. order (N.D. Tex. Nov. 1, 2005); *Malley v. Dretke*, No. H-04-1948, 2005 WL 2045455, at *6 (S.D. Tex. Aug. 24, 2005); *Thurman v. Dretke*, No. 4:04-CV-0308-A, 2004 WL 2115366, at *3 (N.D. Tex. Sept. 22, 2004), *recommendation accepted by* 2004 WL 2339297 (N.D. Tex. Oct. 14, 2004).

Petitioner has procedurally defaulted his legal-sufficiency-of-the-evidence claim under Texas law. Such default constitutes an adequate and independent state procedural ground to bar federal habeas review. When a defendant fails to properly exhaust insufficiency-of-the-evidence claims, the Court may find the claims procedurally barred if the "time to file a petition for discretionary review has expired." *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (citing Tex. R. App. P. 68.2), *vacated on other grounds*, 541 U.S. 386 (2004). Petitioner cannot now present the claim in a petition for discretionary review because the time for doing so has passed. Further, he cannot present the claim in another state writ because such presentation is not proper under state law. Consequently, the Court may find the claim procedurally barred unless petitioner overcomes the bar by showing cause and prejudice or a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).

Rather than attempt to show cause and prejudice or a fundamental miscarriage of justice, petitioner argues that his "no evidence" claim is not procedurally barred because such claim was recognized in *Thompson v. City of Louisville*, 362 U.S. 199 (1960), and he may pursue such a claim

7

through the Texas habeas process.  (Reply at 6-8.)  Although *Thompson* recognized that a conviction could not stand when supported by "no evidence" at all, 362 U.S. at 199, *Jackson v. Virginia*, 443 U.S. 307 (1979) abrogated *Thompson* when it established the current standard for evaluating claims of insufficiency of the evidence.  *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (recognizing that a "no evidence" claim is actually one of sufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *Gibson v. Collins*, 947 F.2d 780, 782 (5th Cir. 1991) (recognizing abrogation).  Furthermore, as already discussed, petitioner's no-evidence claim is a claim of insufficiency of the evidence under Texas law.  Petitioner's arguments are unpersuasive.

Petitioner has shown no cause for his failure to present his sufficiency claim to the Court of Criminal Appeals and no actual prejudice from this failure.  Nor has he demonstrated a need to prevent a miscarriage of justice.  The latter exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  Claims of insufficient or no evidence differ materially from an assertion of actual innocence.  He has not shown that, factually, he did not commit the crimes for which he was convicted.  He has thus not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on this claim.[4]

### III. APPLICABLE LAW

Congress enacted AEDPA on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326

---

[4] To the extent petitioner claims that the evidence is factually insufficient to support his conviction, such claim is also not cognizable in a federal habeas action.  *See Spencer v. Dretke*, No. 3:02-CV-1988-D, 2005 WL 696719, at *4 n.2 (N.D. Tex. Mar. 23, 2005), *recommendation accepted by* 2005 WL 955969 (N.D. Tex. Apr. 26, 2005).

(1997).  Because petitioner filed his petition after its effective date, the Act applies in this case.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term

of art that refers to whether a court's disposition of the case was substantive, as opposed to proced-

ural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).  Consequently, these AEDPA standards

apply to petitioner's non-barred claims, which were addressed on the merits through the state habeas

process.

The resolution of factual issues by the state court is presumptively correct and will not be

disturbed unless the petitioner rebuts the presumption by clear and convincing evidence.  28 U.S.C.

§ 2254(e)(1).  This presumption "applies to explicit findings of fact and to 'those unarticulated

findings which are necessary to the state court's conclusions of mixed law and fact.'"  *Williams v.*

*Quarterman*, 551 F.3d 352, 358 (5th Cir. 2008) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11

(5th Cir. 2001)).

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his first claim, petitioner alleges that he is held unlawfully because his trial attorney

rendered ineffective assistance.  (Pet. at 7-8B.)

9

The Sixth Amendment provides criminal defendants a right to effective assistance of counsel during trial.  U.S. Const., art. VI.  To successfully state a claim of ineffective assistance of counsel under existing Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008).  A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective.  *Strickland*, 466 U.S. at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  In the context of ineffective assistance of trial counsel, *Strickland*'s prejudice component focuses on " whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted).  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695-96.

Petitioner asserts that his attorney rendered ineffective assistance with respect to discovering

and pursuing a sudden passion defense; presenting a police fabrication defense, and objecting to extraneous acts, offenses, and conduct.  (*See* Pet. at 7-8B.)

## A.  Sudden Passion

Petitioner claims that his attorney failed to discover and pursue[5] a sudden passion defense because he failed to investigate the case and visit the crime scene and discover prior statements of witnesses for the State.[6]  (Pet. at 7, 8A-B.)  He contends that pursuit of this defense would have allowed him to present character evidence regarding the victims of the aggravated assault.  (*Id.* at 7, 8B.)

Under Texas law, there is no sudden passion defense for aggravated assault.  *LeRoy v. State*, No. 06-07-00059-CR, 2008 WL 313068, at *1-2 (Tex. App. – Texarkana Feb. 6, 2008, pet. ref'd).  *See also* Tex. Penal Code § 19.02(a) (defining "sudden passion" for defense to a charge of murder) and 19.02(d) (providing sudden passion as a defense to first degree murder) (Vernon 2003); *Mims v. State*, 3 S.W.3d 923, 927 (Tex. Crim. App. 1999) (stating in dicta that "[m]urder can be reduced in degree by proof of sudden passion, but aggravated assault cannot").  Consequently, counsel did not render deficient representation by not discovering and pursuing it.  To render effective assistance, attorneys do not need to pursue defenses that are unwarranted under the law.[7]

---

[5]  The failure to pursue the defense includes petitioner's claim that counsel failed to request that the jury be instructed on the defense.  (*See* Pet. at 8B.)

[6]  Petitioner also states in passing that the discovery of prior witness statements "would have allowed counsel to suppress statements that should not have been admitted."  (Pet. at 8B.)  To the extent this passing statement constitutes a separate claim of ineffective assistance of counsel, the Court should deny it as conclusory because petitioner provides no details regarding what statements would have been suppressed.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

[7]  In his reply brief, petitioner candidly recognizes that although he premised his claim on the sudden passion defense in his state writ, he should have premised his claim on the necessity defense.  (Reply at 13.)  To the extent petitioner now attempts to premise his claim on the necessity defense, it was not presented to the Texas Court of Criminal Appeals and is procedurally barred from federal habeas review.

**B.  Fabrication Defense**

Petitioner also claims that his attorney failed to discover, investigate and pursue a "police fabrication defense".  (Pet. at 8A.)  However, the trial evidence presented no basis for this defense because the State's case was not based upon any fabrication by law enforcement personnel.  It was premised on testimony from five civilians – petitioner's ex-girlfriend, the two teenaged victims, and two disinterested neighbors.  Although two police officers testified, their testimony presented no basis for a police fabrication defense.  Accordingly, counsel did not engage in deficient representation by not pursuing this defense.

**C.  Extraneous Acts**

Petitioner next alleges that his attorney rendered ineffective assistance by failing to object to extraneous acts, offenses, and conduct.  (Pet. at 8A.)  In his reply brief, he identifies testimony from his ex-girlfriend regarding flattening tires, screwing a door shut, and threatening her.  (Reply at 15.)

This alleged deficiency of counsel does not rise to the level of ineffectiveness because petitioner has shown no prejudice from it.  Petitioner has shown no reasonable probability of a different outcome at trial had counsel objected to the testimony.  He presents nothing to show that his trial was rendered unreliable or fundamentally unfair due to the alleged deficiency.  In the absence of

---

The claim also lacks merit because petitioner has not shown that the necessity defense was available to him or that the facts of this case justify pulling a knife and chasing two teenaged boys.  Under Texas law,

[c]onduct that would otherwise be illegal is justified by "necessity" if: "(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear."

*East v. State*, 76 S.W.3d 736, 738 (Tex. App. – Waco 2002, no pet.) (quoting Tex. Penal Code § 9.22 (Vernon 1994)).  There is no evidence in this case that petitioner's conduct was necessary to avoid any imminent harm.  Additionally, "a defendant cannot establish that his conduct was justified by 'necessity' without first admitting that the conduct occurred." *Id.*  Petitioner did not admit any of the alleged conduct at trial.

prejudice, the alleged deficiency of counsel entitles petitioner to no federal habeas relief.

## V.  TRIAL COURT ERROR

In his third claim, petitioner alleges that various court errors at trial and punishment rendered his trial fundamentally unfair.  (Pet. at 7, 8A.)

## A.  <u>Guilt-Innocence</u>

Petitioner alleges that the cumulative effect of trial court rulings during the guilt-innocence phase of trial caused counsel to render ineffective assistance.  (Pet. at 7.)  Petitioner clarifies in his reply brief that this allegation concerns the trial court's rulings to not permit counsel to elicit testimony that the two victims of the aggravated assault had previously destroyed property, pointed guns at kids, and told others that they intended to jump petitioner.  (Reply at 17.)

The trial court's evidentiary rulings are matters of state law which are not subject to re-examination by the federal courts.  It is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  "[A] federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair."  *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997).

In this case the alleged erroneous evidentiary rulings do not violate a specific constitutional right.  Counsel proffered testimony from three individuals who would have testified to specific, prior bad acts of the victims.  *See* RR-9 at 41-56.  The court found the testimony of each witness inadmissible.  *See id.* at 44, 48, 56.

13

Under Texas law, specific instances of conduct may not be proved by extrinsic evidence. Tex. R. Evid. 608(b).  It therefore appears that the trial court properly excluded the proffered testimony.  Even if the testimony was admissible, petitioner has not shown that the exclusion rendered his trial fundamentally unfair.  Although it may have detracted from the boys' credibility, the testimony would not have affected the credibility of the disinterested neighbors who testified that petitioner was chasing the boys with a knife and that the boys were scared.  Given this corroborating evidence, the boys' credibility would not have been so damaged that the jury would have acquitted petitioner.  Nothing in the excluded testimony would have affected the outcome at trial.  As already discussed, a sudden passion defense was unavailable to petitioner regardless of the excluded testimony.  Petitioner has not shown that the alleged erroneous evidentiary rulings were harmful or that the alleged trial errors had a substantial or injurious effect or influence on the verdict.  This claim fails to entitle petitioner to federal habeas relief.

## B.  Punishment

Petitioner further alleges that the trial court committed reversible error when it overruled his objection to the admission of an out-of-state conviction as not final.  (Pet. at 8A; Reply at 17.)

The indictment in this case sought enhanced punishment of petitioner as a habitual offender based upon two Indiana convictions.  *See* CR at 8.  The State offered evidence of the Indiana convictions at punishment, and the trial court found them admissible.  RR-10 at 69.  Petitioner challenged the admissibility ruling in his state habeas application.  S.H.R. at 82.  By denying that application, the Court of Criminal Appeals implicitly agreed with the admissibility ruling.

In a habeas proceeding, this Court does not sit in review of a state court's interpretation of its own law; it is instead bound by the state court's interpretation.  *Bradshaw v. Richey*, 546 U.S. 74,

14

76 (2005).  As mentioned, federal habeas review is limited to violations of the Constitution or

federal law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A violation of state law that

renders a trial fundamentally unfair so as to violate due process may provide a basis for federal

habeas relief.  *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Regardless of the deference given to a state court's interpretation of its own law, petitioner

has shown no violation of state law in the admission of his prior convictions during punishment.

At the punishment phase of trial, either party may offer evidence

> as to any matter the court deems relevant to sentencing, including but not limited to
> the prior criminal record of the defendant, his general reputation, his character, an
> opinion regarding his character, the circumstances of the offense for which he is
> being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any
> other evidence of an extraneous crime or bad act that is shown beyond a reasonable
> doubt by evidence to have been committed by the defendant or for which he could
> be held criminally responsible, regardless of whether he has previously been charged
> with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006).  Because petitioner's prior con-

victions are relevant to sentencing, the court properly admitted them notwithstanding petitioner's

allegation that they were not final.  *See Sunbury v. State*, 88 S.W.3d 229, 233-35 (Tex. Crim. App.

2002) (recognizing that non-final convictions are admissible to determine a proper sentence).

Although Article 37.07 previously required that a prior conviction be final before being admissible,

that requirement was omitted through amendments to the statute in 2001.  *See Lavinge v. State*, 64

S.W.3d 673, 676-77 (Tex. App. – Houston [1st Dist.] 2001, no pet.).  Because the prior convictions

were admissible under Texas law, the trial court did not err in admitting either of them.  In the

absence of trial court error, this claim entitles petitioner to no federal habeas relief.

Petitioner contends that the State had the burden to show that the conviction was final before

using it for purposes of enhancement.  (Reply at 17.)  However, the State's burden is merely to make

a prima facie showing that the prior convictions became final before petitioner committed the current offenses.  *See Jones v. State*, 711 S.W.2d 634, 635 (Tex. Crim. App. 1986), *overruled on other grounds*, *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999).  The State carried its burden through a fingerprint expert and the admitted penitentiary packet (Ex. 11 in RR-11), which does not call into question the finality of the convictions.  *See Flowers v. State*, 220 S.W.3d 919, 924 (Tex. Crim. App. 2007) (recognizing that prior convictions "may be proven by certified copies of a judgment and sentence and authenticated copies of records from the Texas Department of Corrections or other correctional institution, including fingerprints, supported by expert testimony matching them to the defendant"); *Jones*, 711 S.W.2d at 635 (holding that if the State introduces evidence that a prior conviction has been appealed, then the State has the burden to show that the conviction has been affirmed).  The testimony of petitioner's wife also shows that petitioner had two prior felony convictions in Indiana.  *See Flowers*, 220 S.W.3d at 924 (recognizing that the State may prove a prior conviction through various means, including "testimony from a witness who personally knows the defendant and the fact of his prior conviction").  Once the State carries its burden, the burden shifts to the defendant to show that the conviction was not final.  *Jones*, 711 S.W.2d at 635.  Petitioner has presented nothing to show that the prior convictions are not final.  For these reasons, there is no reason to question the finality of the prior convictions, and petitioner's contention regarding their finality entitles him to no federal habeas relief.

## VI.  PROSECUTORIAL MISCONDUCT

In his fourth claim, petitioner alleges that the prosecutor made improper arguments during the punishment phase of trial.  (Pet. at 8A.)  More specifically, he contends that the prosecutor repeatedly used extraneous offenses and behavior that had no relevance to the charged offenses and

used out-of-state convictions without proof that they were final convictions. (*Id.*)

"Prosecutorial misconduct implicates due process concerns." *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). Actions and statements of a prosecutor may violate due process in two ways. "They may abridge a specific right conferred by the Bill of Rights, or may constitute a denial of due process generally, thus constituting a 'generic substantive due process' violation." *Id.* (quoting *Rogers v. Lynaugh*, 848 F.2d 606, 608 (5th Cir. 1988)). Federal courts apply "a two-step analysis to charges of prosecutorial misconduct." *United States v. Duffaut*, 314 F.3d 203, 210 (5th Cir. 2002). The courts first decide whether the prosecutor's actions were improper and, if so, they then determine whether the actions "prejudiced the defendant's substantive rights." *Id.*

When a petitioner asserts a generic due process violation, and it is determined that the prosecutor's actions were improper, the courts ask whether the prosecutorial actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In the habeas context, the appropriate standard of review for such allegations is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (quoting *DeChristoforo*, 416 U.S. at 642). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). "A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Foy*, 959 F.2d at 1317 (internal quotation marks omitted).[8]

---

[8] This is the only test necessary to apply for generic violations of due process. If the alleged misconduct rises to the level of constitutional error, the Court need not apply a harmless error test. *Darden*, 477 U.S. at 183 n.15. The Fifth Circuit Court of Appeals has observed that application of a harmless error test would be "superfluous" after a determination that the trial was rendered fundamentally unfair. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 280 (5th Cir.

As discussed, the prosecutor properly relied upon the Indiana convictions at punishment. To the extent petitioner's prosecutorial misconduct claim relates to other extraneous offenses or behavior, he has not shown that any prosecutorial action or statement rendered his trial fundamentally unfair. Not only does Texas law permit wide latitude with respect to admissibility of extraneous offenses and behavior at punishment, *see* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006), petitioner has shown no reasonable probability that he would have received a lesser sentence in the absence of the alleged misconduct. This claim entitles him to no federal habeas relief.

## VII.  STATE CONSIDERATION OF CLAIMS

Petitioner's non-barred claims were adjudicated on the merits through the state habeas process. The decision to deny relief at the state level is not inconsistent with, and involved no unreasonable application of, applicable Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on his non-barred claims.

## VIII.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## IX.  RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

---

1985).

**SIGNED this 6th day of August, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE