IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ED LOUIS MEREDITH III**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:09-CV-0483-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed August 6, 2009. Petitioner timely filed objections.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Irma C. Ramirez found that the petition should be denied. Specifically, she determined that Petitioner's claim of insufficiency of the evidence is procedurally barred, that his claims of ineffective assistance of counsel fail, that his claims of trial court error fail, and that his claim of prosecutorial misconduct is without merit.

Petitioner raises several objections to the magistrate judge's Report. First, he contends that his "no evidence" claim is not procedurally barred because he presented the claim in his state habeas petition. The magistrate judge found, however, that it is barred because he failed to raise this ground in appealing his conviction and that presenting it as a part of his state habeas petition does not prevent it from being barred. She also specifically determined that if Petitioner is trying to raise a "no evidence" claim, which may be raised on habeas review, this claim also fails because there is

**Order – Page 1**

some evidence in the trial record to support a finding that the knife was a deadly weapon. Accordingly, the court **overrules** this objection.

Next, Petitioner contends that his counsel provided ineffective assistance. He contends that the government failed to address his claims regarding the defenses of sudden passion, fabrication, and extraneous acts. Even if Respondent did not specifically address these, the magistrate did, and she found that none provides a basis for a finding of ineffective assistance of counsel. The court agrees with the magistrate judge and **overrules** this objection.

Finally, Petitioner argues that the trial court committed errors that render his trial fundamentally unfair, including its decision to prevent testimony about prior bad acts of the victims and admission of Petitioner's out-of-state convictions. The magistrate judge found that these alleged errors do not violate any specific constitutional right. She determined that nothing in the excluded testimony would have affected the outcome of the trial and that Petitioner has not shown any violation of state law with respect to the introduction of the out-of-state convictions. The court agrees with the magistrate judge's determination and therefore **overrules** Petitioner's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses** the writ of habeas corpus **with prejudice**.

**It is so ordered** this 31st day of August, 2009.

Sam A. Lindsay
United States District Judge

Order – Page 2